# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**KENTA RAYNARD MOORE,**

　　　　Petitioner,

　　v.

**WARDEN S. KNIGHT,**

　　　　Respondent.

Case No. 22–cv–06203–ESK

OPINION

**KIEL, U.S.D.J.**

　　Petitioner Kenta Raynard Moore filed this petition for writ of habeas corpus under 28 U.S.C. §2241 (Petition) (ECF No. 1) arguing that the Bureau of Prisons (Bureau) violated his due process rights during his administrative appeal of disciplinary sanctions. Respondent Warden Knight opposes the Petition. (ECF No. 6.) For the following reasons, the Court will deny the Petition.

## I.　FACTS AND PROCEDURAL HISTORY

　　Petitioner challenges a disciplinary hearing that found him guilty of using drugs or alcohol, specifically marijuana. (ECF No. 1.) Petitioner provided a urine sample, Specimen BOP000561523, to the Bureau health services as part of a random drug test on February 13, 2022. (ECF No. 4–2 p.4.) On March 1, 2022, the Bureau received notice from Pharmatech Laboratories that Specimen BOP000561523 tested positive for marijuana and marijuana metabolite. (*Id.*) A Bureau staff member contacted Bureau health services to see if petitioner was taking any prescription medication that would cause a positive result. (*Id.*) A health services staff member confirmed that petitioner was not taking such prescription medication. (*Id.*) The Bureau charged petitioner with violating Prohibited Act Code 112, using drugs or

alcohol, which is a Greatest Severity Level Prohibited Act. *See* 28 C.F.R. §541.3 (Table 1) (prohibiting the "[u]se of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff.").

Petitioner received a copy of the incident report on March 1, 2022. (*Id.* p. 8.) He denied the allegations, telling the investigating officer that "he was tested on 2/13/22 & 2/18/22 with negative results." (*Id.* p. 9.) On March 4, 2022, the unit discipline committee concluded the charge should be referred to a disciplinary hearing officer for a hearing. (*Id.*). *See also* 28 C.F.R. §541.7(a)(4) (stating charges for Greatest or High severity prohibited acts will be automatically referred to a disciplinary hearing officer). Petitioner received his notice of rights on March 4, 2022 and requested that a staff member represent him at the hearing before the disciplinary hearing officer. (ECF No. 4–2 pp. 15–17.)

Disciplinary hearing officer Jermaine Darden conducted a hearing on March 14, 2022. (*Id.* p. 2.) Petitioner changed his mind and elected to waive his right to have a staff member represent him at the hearing. (*Id.* p. 7.) He denied the accusations but admitted that he had signed the chain of custody form for Specimen BOP000561523 "certifying that [he] provided the urine specimen, and the bottle was sealed in [his] presence with the tamper proof seal with the number matching the number on the form." (*Id.* p. 4.)

Officer Darden concluded that the greater weight of the evidence supported a finding that petitioner committed the prohibited act and "provid[ed] the [disciplinary hearing officer] with some inaccurate information in order to not accept full responsibility for [petitioner's] actions." (*Id.* p. 5.) He sanctioned petitioner with the loss of 41 days of good conduct time, 25 days of disciplinary segregation, and a $500 fine. (*Id.*) He further noted that this was petitioner's second Greater Severity incident report within the prior 24

months. (*Id.*) Petitioner received a copy of the written disciplinary hearing report on April 23, 2022. (*Id.* p. 6.)

Petitioner appealed Officer Darden's decision, arguing that his procedural due process rights were violated when the unit discipline committee failed to send its original referral to the disciplinary hearing officer and provide petitioner with a copy. (ECF No. 1–2 p. 9.) The Bureau general counsel denied the appeal on September 22, 2022. (*Id.* p. 7.)

## II.  LEGAL STANDARD

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004). A prisoner challenging a disciplinary action resulting in the loss of good time credits may bring such claims under 28 U.S.C. § 2241, "as the action could affect the duration of the petitioner's sentence." *Queen v. Miner*, 530 F.3d 253, 254 n. 2 (3d Cir. 2008) (per curiam).

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002)).

### III. DISCUSSION

Petitioner argues the Bureau violated his due process rights when the unit discipline committee failed to give him a copy of its recommendation or forward copies of relevant documents to the discipline hearing officer as required by Bureau Program Statement 5270.09. (ECF No. 1–1 pp. 1, 2, 5.) He asserts the failure was arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (APA) and requires the reversal of his disciplinary sanctions. (*Id.* pp. 5, 6.)

Petitioner's arguments are not reviewable under the APA. "The APA provides that agency actions are judicially reviewable if they are 'made reviewable by statute,' or if there was a 'final agency action for which there is no other adequate remedy in a court.'" *Turner v. Sec'y of U.S. Dep't of Hous. & Urb. Dev.*, 449 F.3d 536, 539 (3d Cir. 2006) (quoting 5 U.S.C. § 704). Bureau Program Statements are not "regulations" that would provide a basis for review. "Program Statements are 'internal agency guidelines,' rather than 'published regulations subject to the rigors of the Administrative Procedure Act,' and thus 'do not create entitlements enforceable under the APA[.]'" *Solan v. Zickefoose*, 530 F. App'x 109, 112 (3d Cir. 2013) (per curiam) (quoting *Reno v. Koray*, 515 U.S. 50, 61 (1995); *Robinson v. Sherrod*, 631 F.3d 839, 842 (7th Cir. 2011)).

Additionally, the unit discipline committee's alleged failure to provide certain documents to Officer Darden is not a final agency decision. Finally, Bureau disciplinary proceedings are reviewable by a federal court pursuant to 28 U.S.C. § 2241 if good time credits are impacted. *See Denny v. Schultz*, 708 F.3d 140, 143–44 (3d Cir. 2013) ("Federal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct. When such a statutorily created right exists, a prisoner has a constitutionally protected liberty interest in good time

4

credit." (internal citations and quotation marks omitted)).  Here, petitioner was sanctioned with the loss of 41 good conduct time, impacting petitioner's liberty interests.  Because petitioner may challenge the final Bureau decision in this Court under 28 U.S.C. § 2241, he may not bring his claim under the APA.

In assessing whether disciplinary proceedings comply with the Due Process Clause, the Court considers the factors enumerated by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974).  In addition to a hearing before an unbiased factfinder, inmates must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67).  "[A] prison disciplinary decision need only be supported by 'some evidence' in order to satisfy due process."  *Denny*, 708 F.3d at 145 (citing *Hill*, 472 U.S. at 454).  When a procedural error is alleged in the context of a prison disciplinary proceeding, the Third Circuit Court of Appeals has held that "[i]n the absence of a showing of prejudice," the outcome of the proceeding should not be overturned.  *Griffin v. Warden*, 640 F. App'x 181, 184 (3d Cir. 2016) (per curiam).

I find that petitioner received all of the due process protections to which he was entitled under *Wolff*.  Petitioner received his notice of rights more than 24 hours prior to the hearing before the discipline hearing officer.  (ECF No. 4–2 p. 15.)  He declined to present witnesses or other evidence on his behalf. (*Id.* p. 17.)  He was provided a written copy of Officer Darden's report on April 23, 2022. (*Id.* p. 6.)  The urine sample analysis is some evidence that petitioner used marijuana. (*Id.* p. 12.)  Therefore, petitioner's due process

5

protections were not violated during his disciplinary proceedings. The Court denies his 28 U.S.C. §2241 petition.

## IV.    CONCLUSION

For the reasons stated above, the Court will deny the Petition. An appropriate Order accompanies this Opinion.

                            */s/ Edward S. Kiel*
                            **EDWARD S. KIEL**
                            **UNITED STATES DISTRICT JUDGE**